[No. 9070.]

## LONG V. LONG.

1.  DIVORCE—Alimony.   An order  committing the divorced hus-
band for contempt, in the nonpayment of decreed alimony, will not be
reviewed on suggestion of the insufficiency of the complaint in the
original cause, when the decree is regular upon its face. (192.)

2.  JURISDICTION—*Construction of Decree to Sustain.*  The final de-
cree of an inferior court, should, if possible, be so construed in this
court as to support, rather than destroy, the jurisdiction. (193.)

A decree of the County Court awarded the wife a divorce with ali-
mony, and costs.  On error to an order committing the husband for
non-payment of the alimony it was contended that what was awarded
as alimony exceeded $2,000, the limit of the jurisdiction of the court.
The wife contending for a construction of the decree which would limit
the alimony to $2,000, in view of the fact that grounds existed for this
contention, and that the wife's contention would estop her from sub-
sequently claiming an excess over this sum, the husband's contention
was rejected, and the order affirmed. (193.)

*Error to Denver County Court.*  Hon. IRA C. ROTH-
GERBER, Judge.

Mr. JOHN A. DEWEESE and Mr. EDGAR CAYPLESS, for
plaintiff in error.

Mr. JACOB V. SCHAETZEL, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court.

Upon April the 10th, 1914, the defendant in error
(hereafter called the plaintiff) secured a divorce from
the plaintiff in error (hereafter called the defendant),
who had been personally served, and was represented by
counsel at the trial.  Alimony and attorney fees were in-
cluded in the decree.  No exceptions are shown to have
been taken to the judgment, and no effort appears to
have been made, at that time, to bring the cause here upon
error.

Upon August 24th, 1916, the plaintiff petitioned the
court to have the defendant cited for contempt for his
failure to comply with the terms of the decree in the

payment of alimony. Upon August 25th, following, the defendant filed a petition to modify the decree. September 26th, following, the petition to modify the decree was overruled, the defendant adjudged to be in contempt of court, etc., to which ruling he excepted, and also to the order that he be sent to jail unless he pay into court $25.00 for the use of plaintiff, and the further sum of $25.00 on the 25th of each month, until the sums required by the decree were paid. It is from these orders that he seeks to bring the case here for review upon error, and claims that the court never had jurisdiction of the subject-matter for the reason, as he alleges, that the original complaint did not state a cause of action, for which reason he claims that all the proceedings were void. The decree is regular on its face. It shows personal service, appearance by defendant, etc., and that a divorce was regularly granted. If defendant was of opinion that the complaint failed to state a cause of action, and desired a ruling thereon, he should have raised that question at the proper time in that case, and brought it here for review within the time provided. Not having done so, that question is not before us for consideration.

It is urged that that portion of the decree is void which pertains to alimony and attorney fees, because it calls for $2,000.00 alimony and $50.00 attorney fees, a total of $2,050.00, which was beyond the limit of the jurisdiction of the County Court. The plaintiff argues that while it is susceptible of that construction, such was not intended; but to the contrary, it should be read as meaning $50.00 for the attorneys, and $35.00 per month to the plaintiff, until a total of $2,000.00 has been paid, which includes the attorney fees. She further claims that the attorney fees are in fact no part of the judgment for alimony, but in reality a part of the costs or expenses pertaining to the procedure of the court, and for that reason if it should be held that the language of the decree

was intended to mean $2,000.00 to the plaintiff in monthly installments, and $50.00 to the attorneys, it would not, for this reason, exceed the jurisdiction of the County Court. We deem it unnecessary to go into this latter question, or whether the case is properly here. Jurisdiction is presumed until the contrary is shown, and if a $2,050.00 award, as contended, would invalidate it, and the decree is susceptible of another construction, which woulu make the amount $2,000.00 and thereby sustain it, the latter should be adopted. Counsel for plaintiff claims such is the case. There are grounds for this contention and the plaintiff herself having contended for this construction, which will estop her from hereafter claiming otherwise, we see no reason why this construction should not be thus adopted thereby relieving any question of error concerning it.

For which reasons, the application for supersedeas will be denied and the judgment affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE TELLER concur.